### 11067

DOOLITTLE v. TRIGG

(114 S. E., 869)

Commerce—Recovery for Interstate Shipment of Beer in 1913 Held to be Determined by Interstate Commerce Act.—The validity of a note dated October 15, 1913, given in payment of a shipment of beer to defendant's intestate in South Carolina from plaintiff in Georgia. *held* to be determinable by the Interstate Commerce Act.

Before MEMMINGER, J., Greenville, Fall term, 1921. Affirmed.

Action by B. S. Doolittle against Mary Trigg individually and as Executrix of the will of W. J. Goodlett, Dec'd. Judgment for plaintiff and defendant appeals.

*Mr. H. P. Burbage,* for appellant.

*Messrs. Dean, Cothran & Wyche,* for respondent, cite: *Exceptions not based on the record will not be considered:* 113 S. C., 637; 59 S. C., 232. *Details of trial are for the Judge:* 35 S. C., 197; 35 S. C., 467.

December 16, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a promissory note. The complaint follows:

"(1) That on or about February 13, 1920, W. J. Goodlett departed this life, leaving of force his last will and testament, in which his wife, Mary D. Goodlett, now Mary D. Trigg, was named executrix. That said will provided, amongst other things, for the payment of the debts of the deceased.

"(2) That on October 15, 1913, W. J. Goodlett made and executed his certain promissory note in writing, whereby he promised to pay to the order of B. S. Doolittle, the plaintiff herein, the sum of twenty-five hundred ($2,500.00) dollars twelve months after date for value received. Said note provided for interest from date at the rate of 8 per cent. per annum payable annually, and if not so to become principal and draw interest at the same rate. It further provided in case of suit that all costs and expenses, including 10 per cent. attorney's commissions, should be paid.

"(3) That the plaintiff, B. S. Doolittle, is the legal owner and holder of said note, upon which the following payments have been made and no others:

| | |
|---|---|
| October 15, 1914, interest to date | $175 00 |
| October 15, 1915, interest to date | 200 00 |
| October 24, 1916, by cash | 200 00 |
| October 24, 1916, by cash | 88 95 |
| July 3, 1919, by cash | 200 00 |

"(4) That there is now due and owing upon said note the sum of twenty-five hundred ($2,500.00) dollars, with interest as aforesaid, together with 10 per cent. attorney's fees, less the credits hereinbefore set forth."

The answer is as follows:

"For a first defense: The defendant denies each and every allegation of the complaint not hereinafter specifically admitted or modified.

"For a second defense: The defendant admits paragraph 1 of the complaint.

"For a third defense: The defendant admits so much of paragraph 2, which alleges that W. J. Goodlett, deceased, made and executed his promissory note in writing, whereby he promised to pay to the order of B. S. Doolittle the sum of twenty-five hundred ($2,500.00) dollars, and that defendant admits that certain payments were made on said note by the said W. J. Goodlett, deceased.

"For a fourth defense: The defendant alleges that said note, made and executed by said W. J. Goodlett, is null and void, invalid, and of noneffect, since the said note was based, made, and given upon an invalid and illegal consideration, and therefore has no standing in law. That on or about the date of said note the said W. J. Goodlett, deceased, purchased from plaintiff a lot of beer, at which time the sale of beer was not recognized or allowed by law in the state of South Carolina, and that said note was given by the deceased to the plaintiff to pay for said shipments of beer, which were delivered to deceased from time to time by the plaintiff. That said sale of beer within the state of South Carolina being at the time illegal and contrary to law, this defendant, individually and as executrix under the will of W. J. Goodlett, deceased, is not held liable for the payment of said note for the reasons aforesaid."

At the time the goods were ordered, on or about the 15th of October, 1913, by the defendant's intestate, and shipped by the plaintiff from his place of business in the city of Augusta, state of Georgia, to the place of business of the defendant's intestate in the state of South Carolina, they were residents of different states; therefore the validity of the transaction between said parties is to be determined

by the interstate commerce law. Practically the same question arose in the case of *Monumental Brewing Co. v. Whitlock,* 111 S. C., 198, 97 S. E., 56, and the decision in that case is conclusive of the question now under consideration.

Having reached this conclusion, no prejudicial error is assigned by the exceptions. They are therefore overruled, and the appeal dismissed.

MR. JUSTICE COTHRAN, disqualified, having been of counsel in the case.